DETROIT EDISON COMPANY *v.* TOWNSHIP OF OAKLAND

Courts—Court of Appeals—Powers—Mandamus.

> The Court of Appeals has the authority to order that a writ of mandamus issue upon remand to a circuit court, where it is clear under recent case law that a writ could issue upon remand, even if it was not clear at the time of trial of the mandamus action (GCR 1963, 820.1[7]).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 October 10, 1969, at Lansing. (Docket No. 7,867.) Decided January 29, 1970. Application for leave to appeal filed March 5, 1970.

Complaint by Detroit Edison Company, a New York corporation, against Oakland Township for a writ of mandamus. Writ issued. Defendant appeals, and writ stayed pending appeal. Remanded for issuance of writ of mandamus.

*Fischer, Sprague, Franklin & Ford (Ralph H. Houghton, Jr.,* of counsel), for plaintiff.

*Darden, Neef & Heitsch,* for defendant.

Before: Quinn, P. J., and Bronson and T. M. Burns, JJ.

Per Curiam. Plaintiff is the holder of a 30-year franchise granted in 1942 by defendant Oakland Township. This franchise allowed plaintiff the right to locate equipment over township highways and the right to trim and cut trees as necessary for the

Reference for Points in Headnote
34 Am Jur, Mandamus § 21 *et seq.*

safety of their equipment. Such activities are, by the franchise, subject to the approval of the township.

In the course of building a new power line plaintiff obtained permission and constructed three towers over roads in the township. At one point the branches of three trees grew too near the powerline, and permission to trim them was requested. Permission was denied by defendant. Plaintiff commenced this action for mandamus in Oakland County Circuit Court contending that permission had been wrongfully refused and should now be ordered.

On August 6, 1969, the trial court judge found that the refusal of the township to grant permission was unreasonable and arbitrary, and the writ of mandamus was issued. An emergency appeal and stay of proceedings followed.

Defendant contends that its refusal of permission was a proper exercise of certain of its rights under the franchise agreement. It further contends that its refusal was not arbitrary but was contingent upon the decision of the circuit court in another case, allegedly related to this one.

Recently the Supreme Court handed down *Detroit Edison Company* v. *City of Wixom* (1969), 382 Mich 673, which we think is dispositive of the issues raised by defendant here. Even if the trial court erred in granting mandamus at the time of trial, it is clear that under *Detroit Edison Company* v. *City of Wixom, supra,* mandamus could issue on remand. Therefore, since we have the authority to grant such equitable relief under *Detroit Edison Company* v. *City of Wixom* and GCR 1963, 820.1(7), we order that the circuit court upon remand issue the writ of mandamus.

No costs, a public question being involved.